```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL OKPOR,<br><br>                Plaintiff,<br><br>    v.<br><br>HARRIS C. LEGOME, LEGOME &<br>ASSOCIATES, BRIAN T. REAGAN,<br>ESQ.,<br><br>                Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>No. 15-191 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    In this action, Plaintiff Michael Okpor alleges that after a serious automobile accident, he hired Harris C. Legome, Esq., of Legome & Associates to represent him in an insurance arbitration proceeding against his insurance carrier, and that Mr. Legome failed to show up at the arbitration hearing, causing Plaintiff to lose all of his property. (See generally Compl. [Docket Item 1] and Am. Compl. [Docket Item 9].) Defendants Legome and Legome & Associates (collectively, "Moving Defendants") filed the instant motion to dismiss the claims against them [Docket Item 11] on the grounds that Plaintiff has failed to state cognizable claims for relief under 42 U.S.C. § 1983 and for legal malpractice. Plaintiff has not filed

opposition.[1] For the reasons discussed below, the Court will grant the Moving Defendants' motion to dismiss.[2] The Court finds as follows:

    1.    The facts as alleged appear relatively straightforward. Mr. Okpor asserts that he was seriously injured in an automobile accident somewhere along Route 42 when a ladder fell out of a moving truck and struck him on the head. Because Plaintiff's auto insurance carrier declined to pay Plaintiff's lost wages and other "essential services," Plaintiff hired Mr. Legome of Legome & Associates, to litigate his claim against his insurance carrier. (Compl. at 3-4.) A Personal Injury Protection ("PIP") arbitration hearing was set for August 10, 2014, but Mr. Legome failed to appear on the scheduled date. (Id. at 4.) Plaintiff then hired Defendant Brian T. Reagan, Esq., to replace Mr. Legome, but Mr. Reagan also failed to show up at the rescheduled hearing.[3] (Am. Compl. at 4.) Plaintiff alleges that

---

[1] Plaintiff's deadline to file opposition expired on July 6, 2015. Despite filing no opposition, Plaintiff has actively participated in this litigation. [See, e.g., Docket Items 5, 7, & 9.]

[2] Because Plaintiff asserts a claim under 42 U.S.C. § 1983, the Court exercises jurisdiction over this action pursuant to 28 U.S.C. § 1332.

[3] Mr. Reagan has not filed a motion to dismiss, nor has he entered an appearance in the case. Consequently, this Order addresses only the claims against Harris Legome, Esq., and Legome & Associates, the Moving Defendants. Mr. Reagan remains in the action as a Defendant.

as a result of Defendants' negligence, he lost "everything [he] owned," including all of his properties at storage and three Mack trucks. He seeks damages in the amount of $600,000. (Id. at 4, 11.)

2. When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). A pro se complaint in particular should be construed liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

3. A motion to dismiss may be granted only if the court concludes that the plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To determine if a complaint meets this pleading standard, the Court must strip away conclusory statements and "look for well-pled factual

3

allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted). Although the court must accept as true all well-pleaded factual allegations, it may disregard any legal conclusions in the complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

    4. After reviewing Plaintiff's Complaint, the Court agrees with Mr. Legome and Legome & Associates' argument that Plaintiff has failed to state cognizable causes of action for legal malpractice and violation of civil rights under 42 U.S.C. § 1983.[4]

---

[4] The Moving Defendants have attached numerous exhibits to their motion to dismiss in an attempt to expand the facts beyond what Plaintiff has alleged in his Complaint. Plaintiff has not contested the inclusion of these facts favorable to Defendants, but neither have Defendants presented a basis for the consideration of these documents. Unlike Plaintiff, Defendants do not proceed pro se, and should have known that in general, a complaint "'may not be amended by the briefs in opposition to a motion to dismiss.'" Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). Accordingly, the Court will disregard the additional documents supplied by Defendants and decide Defendant's motion only on the allegations set forth in the Complaint. See In re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that district court should not have considered information from the brief supporting the motion to dismiss); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994) (in considering a motion to dismiss, the court "looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.").

5. Legal malpractice suits are grounded in the tort of negligence. "At the most fundamental level, the legal-malpractice action provides a remedy for negligent professional performance." McGrogan v. Till, 771 A.2d 1187, 1193 (N.J. 2001). To establish a claim for legal malpractice under New Jersey law, a plaintiff must prove (1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) breach of that duty by the defendant; (3) proximate causation; and (4) damages. Id.; Cortez v. Gindhart, 90 A.3d 653, 658 (N.J. Super. Ct. App. Div. 2014).

6. Viewed in light most favorable to the Plaintiff, the allegations are wholly insufficient to establish a causal connection between Defendant's conduct and the damages he suffered. Proximate cause is defined as "any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which the result would not have occurred." Dawson v. Bunker Hill Plaza Associates, 673 A.2d 847, 853 (N.J. Super. Ct. App. Div. 1996) (internal quotations and citation omitted). As an example, "if a lawyer misses a statute of limitations and a complaint is dismissed for that reason, a plaintiff must still establish that had the action been timely filed it would have resulted in a favorable recovery." Conklin v. Hannoch Weisman, 678 A.2d 1060, 1071 (N.J. 1996). In this case, Plaintiff alleges that Mr.

5

Legome failed to appear at the arbitration hearing, but nothing in the pleading permits an inference of causation between Mr. Legome's absence at an arbitration hearing and Plaintiff's loss of "everything [he] owned." There are no facts to suggest that Plaintiff would have ultimately prevailed during the arbitration process had Mr. Legome been present. Nothing in the Complaint suggests that the arbitrator had made <u>any</u> findings favorable to Plaintiff, or would likely have ruled in Plaintiff's favor on the issue of causation of injury. Because Plaintiff has failed to plead any facts tending to show causation, and has not attempted to explain the shortcoming of his pleadings in any opposition to this dismissal motion, the Court must dismiss the legal malpractice claim.[5]

    7.   The claim of a violation of civil rights must also be dismissed. A plaintiff claiming a civil rights violation under 42 U.S.C. § 1983 must demonstrate "a violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 47 (1988); <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996). Plaintiff has not asserted any facts which would suggest the violation of a constitutional right, nor are there

---

[5] For these same reasons, because Plaintiff has failed to plead any facts which would establish causation, the Court must dismiss a claim of negligence, to the extent Plaintiff asserts such a claim.

any facts from which to infer that Defendants acted "under color of state law." Generally, a lawyer for a private party is not a person acting under color of state law for purposes of § 1983 liability. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Ojserkis v. Aprile, 245 Fed. App'x 217, 218 (3d Cir. 2007) (agreeing that appellees "were private attorneys and private law firms, and, thus, were not acting under the color of state law as is required by § 1983.").

8. Accordingly, the Court will grant the unopposed motion to dismiss by Defendants Harris C. Legome and Legome & Associates. The accompanying Order will be entered.

 **March 23, 2016**             **s/ Jerome B. Simandle**  
Date            JEROME B. SIMANDLE  
           Chief U.S. District Judge